IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**WILLIE R. SIMMONS**                                                                           **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO. 3:04CV983BN**

**MALCOLM E. MCMILLIN, ET AL**                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

THIS CAUSE IS BEFORE the court *sua sponte* upon a review of the docket. Pursuant to a Consent signed by all parties on July 28, 2005, District Judge William H. Barbour, Jr. entered an Order filed August 3, 2005, assigning this cause to the undersigned United States Magistrate Judge for all further proceedings pursuant to 28 U.S.C. Section 636(c) and FED.R.CIV.P 73.

The court conducted an omnibus hearing in this case on July 28, 2005, and the plaintiff appeared and participated in the hearing. The plaintiff had just been released from prison at the time of the omnibus hearing. At that hearing, the plaintiff gave the court his new free world address and requested that all mail be sent to him at that address. The address was 88 Bradley Road, Tupelo, Mississippi  38801, and all court mail has been directed to this address. The omnibus order mailed to this address was returned with the notation "undeliverable." Thereafter, the court has unsuccessfully attempted to contact the plaintiff via mail and telephone in order to set his case for trial. By Order entered January 24, 2006, a status conference in this case was scheduled for February 7, 2006, and the plaintiff was directed to show cause as to why he has not stayed in contact with the court or the court Clerk regarding the scheduling in this cause.

On today's date, February 7, 2006, the plaintiff's case was called on the docket of this court, but the plaintiff failed to appear or otherwise contact the court regarding his case. The court finds that this case should be dismissed *sua sponte* without prejudice due to the plaintiff's failure to prosecute his case and to obey the orders of the court. In that Order entered December 15, 2004, allowing this case to proceed, the plaintiff was directed to keep the court informed of his current address. He has violated this Order.

This court has the authority to dismiss an action for failure of a plaintiff to prosecute or to comply with any order of the court both under F ED. R. CIV. P. 41(b) and under its inherent authority. *See* **McCullough v. Lynaugh**, 835 F.2d 1126 (5th Cir. 1988)*;* **Link v. Wabash R.R. Co.**, 370 U.S. 626, 630-631 (1962). The court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court. **Link**, *supra*, 370 U.S. at 630. The actions of the plaintiff also prejudice the rights of the defendants to promptly and fully defend the claims made against them.

It is obvious to the court that this plaintiff has lost interest in prosecuting his claims against the defendants; he would have provided the Court with information regarding his whereabouts if he were concerned about the outcome of this litigation. He appeared for court immediately after his release from prison. Yet, six months has passed, and the plaintiff has not provided the court with a current address or otherwise contacted the Clerk of the court or the court's chamber. For

these reasons, the complaint in this cause of action shall be dismissed pursuant to FED. R. CIV. P. 41(b), without prejudice.

IT IS, THEREFORE, ORDERED that the complaint is dismissed without prejudice. A separate Final Judgment in favor of the defendants shall be entered on this date.

THIS the 7th day of February, 2006.

                                          S/ Alfred G. Nicols, Jr.
                                    UNITED STATES MAGISTRATE JUDGE